[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON MOTIONS FOR MODIFICATION AND CONTEMPT
By way of background, the judgment of dissolution was entered on November 28, 1990, when the parties agreed and the court ordered the plaintiff (husband) to pay child support for the minor child, Kristin A. Karovic, of $150 a week, which would increase $25 a week every three years. The current child support CT Page 6599 order is now $200 a week.
Since 1990, to the present, there is a long history of quarrel and strife between the parties. They have appeared on numerous occasions on plaintiff's (husband) motions for modifications and the defendant's (wife) motions for contempt representing themselves pro se before at least five judges and a Family Magistrate.
On April 21, 1999, Judge Owens referred these same two motions to Family Support Magistrate Reynolds, who entered a temporary order or plan for the plaintiff to pay $75 a week in child support for a maximum of two months. She specifically stated in her order that it was not a modification of the $200 child support order, but sought an interpretation or decision by this court of a prior order entered on July 6, 1998, by Judge Axelrod. His order prohibited granting any motions to modify the child support until the plaintiff was in full compliance with all arrearages and prior court orders pursuant to § 25-26 of the Connecticut Practice Book. On July 6, 1998, Judge Axelrod found the plaintiff owed the following arrearages: (1) child support of $16,907.15; (2) payments into the child's trust fund of $2,836.47; and (3) unreimbursed medical expenses of $4500. All arrearages were subject to statutory interest of 10 percent and were nondischargeable in bankruptcy.
On June 2, 1999, this court held a hearing on these two motions and to consider Judge Axelrod's orders of July 6, 1998. There was testimony from Ms. Zita Schmiedle, the Child Enforcement Support Officer, exhibits were introduced into evidence, and both parties testified. Ms. Schmiedle confirmed from her records that the plaintiff has been receiving disability payments from New York State of $224.25 per week from May 1, 1997 to the present, from which $145.76 is being deducted for child support, leaving him $78.49 per week. She acknowledged that the plaintiff is entitled to a self-support reserve of $145 under the child support guidelines, and that nothing is being paid now, or can be in the future, on these arrearages.
On May 19, 1999, the plaintiff began receiving social security disability benefits of $115 a week, and together with the disability benefits of $224.25 from New York State, has a total weekly net income of $339.25. Ms. Schmiedle computed his child support obligation to be $75 per week under the current child support guidelines. CT Page 6600
This court has taken judicial notice of the Family Support Magistrate file, as well as the voluminous court file. In a medical report dated March 11, 1999, from a Dr. Herbert Bessen, M.D., the court finds the plaintiff sustained a work related injury to his neck and back in April, 1997, and since that time he has been unable to return to work. Dr. Bessen recommends an operation to his vertebrae and a spinal fusion.
The plaintiff's motion for modification is brought under § 46b-86(a) of the Connecticut General Statutes which requires the court find a substantial change in his circumstances has occurred since the original child support order of $150 was entered in November, 1990. It was undisputed the plaintiff was injured in April, 1997, and has been receiving disability benefits of $224.25 from that time to date from New York State. On May 18, 1999, the plaintiff was awarded social security disability benefits of $115 a week. This injury in April, 1997, and resulting disability was a substantial change in his circumstances to warrant a modification of child support.Borkowski v. Borkowski, 228 Conn. 729, 741-742 (1994). The court orders a reduction to $75 per week based on his current income of $339 in accordance with the child support guidelines.
Section 46b-215a-4(b)(1) of the guidelines further provides in relevant part "the sum., on current support and arrearages shall not exceed fifty-five percent (55%) of the obligor's net weekly income," which in this case is $186 (55 percent of $339). Based on these findings, the court orders weekly payments of child support of $75 a week pursuant to the guidelines and a $110 on the arrearages, for a total weekly obligation of $185 until said arrearages are paid in full, including the 10 percent statutory interest.
The plaintiff stipulated his present child support arrearage at $25,185.91. At the hearing, the plaintiff endorsed a social security check of $8791 for disability arrearages to the state, leaving a current arrearage of $16,394.91. From the testimony of the defendant and from the transcripts of the hearings before Judge Axelrod, the court further finds an arrearage of $4500 for unreimbursed medical bills, plus about $2000 more incurred by the child for an operation in February, 1999. The defendant shall verify the $2000 in medical bills to the plaintiff and Ms. Zita Schmiedlle. The court further finds an arrearage of $2,836.47 on the child's trust fund as of July 6, 1998, and the additional CT Page 6601 payments the plaintiff owes to the fund to date.
For the foregoing reasons, the plaintiff's motion for modification is granted.
The defendant's motion for contempt is denied.
The plaintiff sustained a work related injury and has been unable to work since April, 1997, to the present time. His only income during this period were disability payments of $224.25 a week from New York State, from which $145.76 has been deducted for his child support, leaving him $78.49 for his own support. There was no wilful intent to violate the $200 child support order.
Petroni, J.